**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINBAO WANG; QIAOYING SUN, | No. 11-73263 |
| Petitioners, | Agency Nos. A089-689-217 |
| v. | A072-404-457 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Linbao Wang and Qiaoying Sun, natives and citizens of China, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding based on Sun's shifting testimony about whether Wang was at home when family planning officials arrived at their house, evasiveness in petitioners' testimony, and inconsistent testimony about what happened to Sun's prior medical history booklet. *See id.* at 1048 (totality of the circumstances supported adverse credibility determination); *see also Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (noting the "special deference" accorded to credibility determinations based on demeanor). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion it is more likely than not that petitioners will be tortured if returned to China, the CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**